IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:12-cr-027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **INDICTMENT** |
| v. | ) | |
| | ) | T. 18 U.S.C., Sec. 2 |
| JOHNELLE LEWIS BELL, | ) | T. 18 U.S.C., Sec. 371 |
| a/k/a "Victorious P", "Bam", | ) | T. 18 U.S.C., Sec. 1591(a)(1) |
| and | ) | T. 18 U.S.C., Sec. 1591(a)(2) |
| BRITTANY LAWSON, | ) | T. 18 U.S.C., Sec. 1591(b)(1) |
| a/k/a Brittany Foster | ) | T. 18 U.S.C., Sec. 1594(a) |
| | ) | T. 18 U.S.C., Sec. 1594(c) |
| Defendants. | ). | T. 18 U.S.C., Sec. 2421 |
| | ) | T. 18 U.S.C., Sec. 2422(a) |

**THE GRAND JURY CHARGES:**

**Introductory Allegations**

1. As used in this Indictment, the terms "prostitute" and "prostitution" refer to a person engaging in sex acts for money or other things of value, that is, a commercial sex act.

2. As used in this Indictment, the term "sex act" includes "sex act" as defined in Title 18, United States Code, Section 2246(2)(A)-(D), inclusive.

3. As used in this Indictment, the term "pimp" means a person who recruits, manages and financially benefits from commercial sex acts performed by one or more other individuals under his control, that is, from the performance of acts of prostitution by persons under his control.

4. As used in this Indictment, the term "bottom" or "bottom bitch" means the prostitute working for a certain "pimp" who assists the "pimp" in managing the commercial sex act venture, that is, prostitution venture, including assisting in managing the other individuals serving as prostitutes for the venture/conspiracy, assisting in managing the logistics of the

1

venture/conspiracy, and, at times, assisting in managing the assets of the venture/conspiracy.

5. As used in this Indictment, the term "john" refers to persons, ordinarily adult males, who purchased the commercial sex acts provided by the commercial sex act venture/conspiracy described in this Indictment.

6. At all times material hereto, www.backpage.com and similar web sites were internet web sites which engaged in interstate commerce, including the posting of "advertisements" or "solicitations", and which did business across the state-lines of various States of the United States of America, including among others, the States named in this Indictment, and in particular including doing business across the state-lines of the State of Iowa, including doing business between the Southern District of Iowa and other locations, including especially the State of Nebraska.

7. As referred to in this Indictment, Des Moines, Iowa, is a city located in the Southern District of Iowa.

8. As referred to in this Indictment, Omaha is a city located in the State and District of Nebraska. (Council Bluffs is a city located in the Southern District of Iowa, which is attendant to and a part of the Omaha Metropolitan Area.)

9. At all times material hereto, the Defendant, JOHNELLE LEWIS BELL, sometimes herein referred to as "BELL", was an adult male, approximately age 25-27, who "worked" as a "pimp".

10. At all times material hereto, the Defendant, JOHNELLE LEWIS BELL, used the pseudonyms "Victorious P" and "Bam" for himself, especially to identify himself as a "pimp".

11. At all times material hereto, BRITTANY LAWSON, sometimes herein referred to as

2

"LAWSON", was an approximately twenty one (21) year old female, who was engaged in prostitution before meeting JOHNELLE LEWIS BELL in or about January of 2011; who entered into a personal relationship with BELL until at least on or about June 18, 2011; who was engaged in prostitution with JOHNELLE LEWIS BELL as her "pimp", including serving as the "bottom bitch" of BELL's commercial sex act venture; and who was engaged in the regular use of marijuana provided by BELL.

12. At all times material hereto, "Bro" was a "pimp", unknown to the Grand Jury except by his "pimp name", who at times associated in prostitution with other "pimps", including JOHNELLE LEWIS BELL, and who had an individual known as "Shashay" "working" for him as a prostitute. "Bro" transported one or more individuals in interstate commerce, including into the Southern District of Iowa; and was associated with Denver, Colorado, Little Rock, Arkansas, and other places in which he caused one or more individuals to engage in prostitution.

13. At all times material hereto, "Plush" was a "pimp", unknown to the Grand Jury except by his "pimp name", who at times associated in prostitution with other "pimps", including JOHNELLE LEWIS BELL, and had individuals known as "J" and "I" "working" for him as prostitutes. "Plush" maintained his residence and locus of operation of his prostitution venture in Little Rock, Arkansas.

14. At all times material hereto, "Special" was a "pimp", unknown to the Grand Jury except by his "pimp name", who at times associated in prostitution with other "pimps", including JOHNELLE LEWIS BELL. "Special" is believed to have maintained his residence and locus of operation of his prostitution venture in Minnesota.

15. At all times material hereto, JO was an adult female, approximately nineteen (19) to

3

twenty (20) years of age, whose identity is known to the Grand Jury, who had not engaged in prostitution prior to meeting JOHNELLE LEWIS BELL, who had a minor child, and who was engaged in substance abuse.

16. At all times material hereto, CM was a seventeen (17) to eighteen (18) year old female, whose identity is known to the Grand Jury, who had engaged in prostitution before meeting JOHNELLE LEWIS BELL, and who had lived independently since approximately age fourteen and had abused controlled substances.

17. At all times material hereto, SA was an adult female who had just turned 19 years of age, whose identity was known to the Grand Jury, who had a minor child, and who had not engaged in prostitution before meeting JOHNELLE LEWIS BELL and BRITTANY LAWSON.

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 1**</u>
**(Conspiracy to Commit Sex Trafficking)**

1. The Grand Jury realleges and by this reference incorporates herein paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. As used in Count 1 of this Indictment, the term "conspiracy" means the "sex trafficking venture" described herein.

3. Beginning by at least on or about November of 2009, and continuing to on or about June 18, 2011, the exact dates unknown to the Grand Jury, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is:

4

a. to knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, one or more persons, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, including among other means those as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause said person or persons to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(1); and

b. to knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, one or more persons to engage in a commercial sex act, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years, in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(2); and

c. to knowingly benefit, financially and by receiving anything of value, from participation in a venture as defined in Title 18, United States Code, Section 1591(e)(5), which venture was engaged in an act described in Title 18, United States Code, Section 1591(a)(1), as more fully described in subparagraphs 3(a) and 3(b) of this Count, immediately above, and by this reference incorporated herein, in violation of Title 18, United States Code, Sections 1591(a)(2), 1591(b)(1) and 1591(b)(2).

**Manner and Means**

4. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", "worked" as a "pimp", and provided prostitution

5

services, that is commercial sex act services, in Iowa, particularly in and about Des Moines in the Southern District of Iowa, and in and about Omaha, Nebraska, and in various other geographic locations, including but not necessarily limited to locations in Maryland, South Carolina, Arkansas, Alabama, Louisiana, Georgia, Mississippi, Missouri, Kansas and Colorado.

5. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", conspired with other "pimps"to provide commercial sex act services in one or more of the above described geographic locations.

a. Among the "pimps" with whom JOHNELLE LEWIS BELL so conspired were three "pimps" known only to the Grand Jury as "Bro", "Plush" and "Special".

b. At times during and in furtherance of the conspiracy, JOHNELLE LEWIS BELL and one or more of the above-named "pimps"shared logistics and information, including, but not limited to: traveling together, including in interstate commerce; sharing expenses for the purpose of promoting and providing commercial sex acts to other people; sharing information regarding the recruitment of prostitutes; aiding in training each other's prostitutes; aiding in providing each other lodging, food or other logistical support in furtherance of the carrying out of the conspiracy; and sharing information regarding law enforcement efforts against prostitution in various geographic locations.

6. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a, "Victorious P", "Bam", recruited various female persons to serve as prostitutes for him, that is, to perform commercial sex acts from which BELL received the

financial benefit.

    a. Among these female persons so recruited were: JO; CM; F.; the Defendant, BRITTANY LAWSON, a/k/a, Brittany Foster; TA; and SA.

    b. Among the above-named female persons, JO, CM and BRITTANY LAWSON, a/k/a, Brittany Foster, served at different times for JOHNELLE LEWIS BELLE as BELL's "bottom bitch", that is, the female who aided BELL in managing the commercial sex act venture, including the other prostitutes "working" for JOHNELLE LEWIS BELL.

    c. All of the above-named individuals were at various times transported and caused to be transported in interstate commerce by the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", for the purpose of engaging in prostitution, that is, performing commercial sex acts.

7. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, caused there to be a succession of "bottom bitches" serving him in the conspiracy.

    a. BELL accomplished this by replacing the then current "bottom bitch" with a successor "bottom bitch" as BELL recruited certain women not previously in the conspiracy to join in the conspiracy as a prostitute. Particularly as each previous "bottom bitch" was caused by BELL to continue to serve the conspiracy as a prostitute, BELL employed or enhanced coercion, including as defined in Title 18, United States Code, Section 1591(e)(2), against the previous "bottom bitch" to force her to continue to serve the conspiracy as a prostitute.

8. During and in furtherance of the conspiracy, known and reasonably foreseeable to

other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", induced, enticed and recruited various female persons to serve as prostitutes, that is, to perform commercial sex acts on behalf of the commercial sex act venture, and to maintain in the performance of commercial sex acts at BELL's direction, by making false promises to said female persons.

a. Said promises included but were not limited to: promises that JOHNELLE LEWIS BELL loved said female person; that BELL and the female person would be in a long-lasting personal relationship; that BELL and the female person would have children together; that BELL would provide the female person with whatever she needed or wanted; that BELL would protect the person; that BELL and the person would make lots of money; and specific promises of help by BELL for the female person unique to that respective female person, for example, that BELL would help the female person regain custody of a minor child.

b. At the time JOHNELLE LEWIS BELL made said promises, said promises were false, as JOHNELLE LEWIS BELL then well knew.

c. Said promises were knowingly and intentionally not kept by BELL.

d. Said promises were material to the female persons who were so induced, enticed or recruited by JOHNELLE LEWIS BELL to perform commercial sex acts for him on behalf of the commercial sex act venture. In entering into the conspiracy, each of said women relied on said promises by BELL.

9. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators, once certain of the female persons had been falsely induced, enticed or recruited to perform commercial sex acts for the commercial sex act venture, the Defendant,

JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", coerced, within the meaning of Title 18, United States Code, Section 1591(e)(2), said female persons into performing commercial sex acts, traveling in interstate commerce for the purpose of performing said commercial sex acts, and refraining from advising law enforcement personnel about BELL or the conspiracy. Among the means used by BELL to coerce the performance of commercial sex acts, JOHNELLE LEWIS BELL:

       a. Used physical and psychological force and coercion against some of said persons;

       b. Physically assaulted various of said female persons, including striking them with his fist, whipping them with his belt, and chocking them;

       c. Stated threats of serious harm against said female persons, including threats of physical injury and threats of death;

       d. Stated threats of serious harm against close family members of said female person, including against minor children, including threats of physical injury and threats of death;

       e. At times forced said female persons, against the will of said female person, to engage in sex acts with BELL.

   10. During and in furtherance of the conspiracy, known, with reckless disregard by, and reasonably foreseeable to other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", knowingly and in reckless disregard of her age induced, enticed and recruited into the conspiracy, one or more female persons then under the age of eighteen (18) years (but older than fourteen (14) years of age), to perform commercial sex acts for the conspiracy.

11. During and in furtherance of the conspiracy, known, with reckless disregard by, and reasonably foreseeable to other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", knowingly and in reckless disregard of her age caused, including by force, fraud and coercion within the meaning of Title 18, United States Code, Section 1591, one or more female persons then under the age of eighteen (18) years (but older than fourteen (14) years of age), to perform commercial sex acts for the conspiracy.

12. During and in furtherance of the conspiracy, the money received from commercial sex acts performed on behalf of the conspiracy by female persons induced, enticed or recruited to the conspiracy by the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and coerced by BELL to remain in and serve the conspiracy as prostitutes, went exclusively to JOHNELLE LEWIS BELL, and not to any of the female persons performing commercial sex acts for BELL on behalf of the conspiracy.

13. At times during and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators, some of the money from the conspiracy's commercial sex acts going to JOHNELLE LEWIS BELL, was used by BELL for the "common good" of BELL and various co-conspirators participating in the conspiracy, including for logistics and other support of the venture/conspiracy and the support of persons involved in the venture/conspiracy either as co-conspirators or as victim-prostitutes.

14. At all times material to the conspiracy, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a, Brittany Foster, and co-conspirators including among others known and unknown to the Grand Jury, "Bro", "Shashay ",

10

and "Plush" knew and had reckless disregard that means of force, fraud and coercion were used to cause said female persons to engage in commercial sex acts for and on behalf of the conspiracy, and that one or more of said females performing commercial sex acts producing said financial benefits for and on behalf of the conspiracy was under eighteen (18) years of age.

15. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendant JOHNELLE LEWIS BELL, posted and caused to be posted on internet sites involved in interstate commerce including among others www.backpage.com , solicitations for prostitution. Said use of the internet constituted the use of a facility of interstate commerce. Said internet solicitations for prostitution included one or more telephone numbers to which "johns" could call and obtain the prostitution services provided by the conspiracy. Said internet solicitations for prostitution were "posted" by, among other co-conspirators, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, and by "Bro" and "Shashay".

16. During and in furtherance of the conspiracy, known and reasonably foreseeable to the co-conspirators, said internet postings consisted of photographs of persons serving as prostitutes for the conspiracy or purported to be prostitutes serving the conspiracy, and "coded" written descriptions of the prostitute depicted in the picture, prostitution services provided and locations at and to which said prostitution services would be delivered.

17. During and in furtherance of the conspiracy, known and reasonably foreseeable to the co-conspirators, the photographs used in said internet postings were taken and caused to be taken by, among other co-conspirators, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster.

11

18. During and in furtherance of the conspiracy, known and reasonably foreseeable to the co-conspirators, the written content of said internet postings were prepared and caused to be prepared by, among other co-conspirators, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster.

19. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendants, JOHNELLE LEWIS BELL and BRITTANY LAWSON, used telephones, including cell phones, that is, facilities of interstate commerce, and caused others to do so, to take calls from "johns" who were calling the telephone numbers provided in the internet solicitations described above, to obtain the prostitution services provided by the conspiracy.

20. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendants, JOHNELLE LEWIS BELL and BRITTANY LAWSON, used telephones, including cell phones, that is, facilities of interstate commerce, to manage the conspiracy, including contact between co-conspirators regarding the conspiracy and including managing commercial sex act appointments. Managing commercial sex act appointments included that the "john" was not law enforcement; communicating that the "prostitution fee" had been paid and the person providing the commercial sex acts on behalf of the conspiracy was "okay"; as appropriate to the circumstances, to know when and where to pick up the person providing the prostitution service; and otherwise for the purpose of carrying out the conspiracy.

21. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendants JOHNELLE LEWIS BELL and BRITTANY LAWSON, transported and caused other persons to transport individuals serving the conspiracy as

prostitutes, at times in interstate commerce, and at times in the Southern District of Iowa, for the purpose of providing commercial sex acts in response to the internet solicitations posted during and in furtherance of the conspiracy.

22. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendant JOHNELLE LEWIS BELL, caused persons serving the conspiracy as prostitutes to "work" truck stops, that is to provide commercial sex acts, in various States of the United States of America, and transported said persons serving as prostitutes in interstate commerce for the purpose of providing said prostitution services.

23. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, provided condoms, clothing, food, shelter and other necessities to maintain the commercial sex act venture and the persons serving as prostitutes for JOHNELLE LEWIS BELL in the venture/conspiracy. The co-conspirators so maintaining the females performing commercial sex acts included, among others known and unknown to the Grand Jury, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, and other co-conspirators, including "Bro" and "Plush".

24. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators and at times aided by other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, and "Bro" determined to what geographic location, including travel in interstate commerce, including travel to and through the Southern District of Iowa, prostitutes serving BELL and "Bro" in the conspiracy, would go for the purpose of providing commercial sex acts.

25. During and in furtherance of the conspiracy, known and reasonably foreseeable to

other co-conspirators, the Defendants, JOHNELLE BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, and other co-conspirators, including "Bro" and "Shashay Johnson", obtained motels in various States of the United States of America for the purpose of soliciting and engaging in commercial sex acts, including motels in Des Moines in the Southern District of Iowa, and motels in Omaha, Nebraska, for soliciting "johns" for prostitution including from the Southern District of Iowa.

26. During and in furtherance of the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and "Bro", knowingly and intentionally set prices for the performance of commercial sex acts performed by persons "working" on behalf of the conspiracy. At times said co-conspirators were assisted by other co-conspirators, such as BRITTANY LAWSON and "Shashay " in training persons "new to the conspiracy" as prostitutes regarding said prices and otherwise regarding how to "work" as a prostitute.

27. During and in furtherance of his participation in the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", at times aided and abetted by the Defendant, BRITTANY LAWSON, a/k/a Brittany Foster, knowingly exploited respective vulnerabilities of one or more persons, including but not necessarily limited to JO, CM and SA. By so exploiting the vulnerabilities of said persons, Defendant BELL, at times aided and abetted by BRITTANY LAWSON after she joined the conspiracy, recruited and enticed into his service JO, CM and SA; and, at times aided and abetted by Defendant LAWSON, knowingly isolated, abused and manipulated said persons, inducing and coercing them to serve the Defendants as prostitutes in the conspiracy.

14

28. During and in furtherance of his participation in the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", seized from some of the persons he recruited, enticed, induced and coerced into prostitution, legal documents, such as identity documents, which BELL used on behalf of the conspiracy to deflect detection of his involvement in the conspiracy and to restrict the ability of said persons to leave the control of the conspiracy.

29. During and in furtherance of his participation in the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", at times knowingly aided and abetted by the Defendant, BRITTANY LAWSON, a/k/a Brittany Foster, isolated some of the persons he recruited, enticed, induced and coerced into prostitution by restricting said persons' access to communication, including by means such as a telephone or by freedom of movement outside of the presence of the Defendants.

30. During and in furtherance of his participation in the conspiracy, known and reasonably foreseeable to other co-conspirators, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", at times knowingly aided and abetted by the Defendant, BRITTANY LAWSON, a/k/a Brittany Foster, knowingly engaged in a scheme, plan, or pattern intended to cause one or more persons, including, but not necessarily limited to JO, CM and SA to believe that failure to continue to serve as a prostitute for the Defendants would result in serious harm to or physical restraint respectively against said persons, or death to said persons or their family members.

31. During and in furtherance of the conspiracy, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and "Bro" and "Plush", with Defendant BELL at times

knowingly aided and abetted by the Defendant, BRITTANY LAWSON, a/k/a Brittany Foster, knowing and in reckless disregard that force, fraud and coercion were used against persons serving as prostitutes for the Defendants, to cause said persons to perform commercial sex acts on behalf of the conspiracy, knowingly received financial benefit from said conspiracy, including money and other things of value, from the commercial sex acts performed by persons serving as prostitutes on behalf of the conspiracy.

32. During and in furtherance of the conspiracy, the Defendant, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and "Bro" and "Plush", knowing and in reckless disregard that a person under eighteen (18) years of age (but older than fourteen (14) years of age) was recruited by BELL to and did serve for BELL as a prostitute for the conspiracy, knowingly received financial benefit from said conspiracy, including money and other things of value, from the commercial sex acts performed by said person who was under eighteen (18) years of age at times material to her serving as a prostitute on behalf of the conspiracy.

33. It was a part of the conspiracy that during and in furtherance of the conspiracy, the Defendant, BRITTANY LAWSON, a/k/a Brittany Foster, after her recruitment into the conspiracy by JOHNELLE LEWIS BELL:

a. did not herself engage in acts of physical coercion against persons under BELL's control; but knowing and in reckless disregard that some of the prostitutes subject to BELL's control had particular vulnerabilities, and that said prostitutes were psychologically and physically coerced into performing commercial sex acts:

b. served as Defendant BELL's "bottom bitch";

c. assisted in the daily operation of the conspiracy to provide commercial sex

acts, including but not necessarily limited to the following and including but not limited to actions in and affecting the Southern District of Iowa:

(1) transporting persons in interstate commerce for purposes of engaging in prostitution;

(2) assisted JOHNELLE LEWIS BELL in recruiting and enticing people to serve as prostitutes in the conspiracy;

(3) procured and assisted JOHNELLE LEWIS BELL in procuring physical resources for the operation of the conspiracy, including among other actions for the conspiracy, obtaining rental cars for interstate transportation of persons for prostitution, and obtaining motel accommodations for the carrying out of the conspiracy;

(4) prepared and posted, in interstate commerce, internet solicitations for prostitution;

(5) assisted in managing herself and other persons under the control of JOHNELLE LEWIS BELL in serving as prostitutes, including making and keeping prostitution appointments;

(6) served as a prostitute under BELL's direction.

(7) assisted in receipt, storage and disposition of money received from commercial sex acts performed during and in furtherance of the conspiracy; and

(8) benefitted financially from commercial sex acts performed during and in furtherance of the conspiracy.

### Overt Acts

34. In furtherance of the conspiracy and to achieve its objects, the Defendants,

JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam" and BRITTANY LAWSON, a/k/a

Brittany Foster, after her recruitment into the conspiracy, knowingly (and by JOHNELLE LEWIS

BELL with reckless disregard that one of the persons he recruited, enticed, induced, maintained

and coerced into commercial sex acts was at times material hereto under eighteen (18) years of

age (but older than fourteen (14) years of age); and by JOHNELLE LEWIS BELL and

BRITTANY LAWSON with reckless disregard that they financially benefitting from a venture in

which persons were recruited, enticed, induced and maintained in commercial sex acts by force,

fraud and coercion, including coercion as defined in Title 18, United States Code, Section

1591(e)(1)) and willfully committed, aided and abetted, caused to be committed and had

reasonable foreseeability of the following overt acts, among others, in the Southern District of

Iowa and elsewhere, beginning in or about November of 2009, and continuing to in or about June

of 2011.

34.1  In or about November of 2009, in and about Philadelphia, Pennsylvania,

JOHNELLE LEWIS BELL enticed and induced JO into what BELL represented to be a long-

lasting personal relationship, and in which BELL also recruited, enticed and induced JO to serve

as a prostitute for BELL, with all of the money from JO's commercial sex acts going to BELL, as

falsely represented by BELL to be for the benefit of both (BELL and JO). JO entered into this

agreement or understanding"voluntarily", albeit under what JO later came to know were

materially false representations by BELL.

34.2  In or about November of 2009, BELL transported JO from Pennsylvania to

Maryland for the purpose of engaging in prostitution, with BELL as JO's "pimp".

34.3  Beginning in or about November of 2009, in or about Baltimore, Maryland, BELL

agreed with "Bro" to have "Bro's" prostitute, "Shashay", teach JO to be a prostitute, including, among other items, how to lure a "john", determine if the prospective "john" was a law enforcement officer, and what to charge for specific prostitution service(s) provided.

34.4  In or about November of 2009, JO "worked" daily in Maryland as a prostitute for BELL, at BELL's direction and under "Shashay's" tutelage as arranged with "Bro", primarily performing commercial sex acts at truck stops.  During this time, "Shashay", under "Bro's" direction, performed commercial sex acts, the money from which went to "Bro".

34.5  As was the pattern during all trips in which BELL and "Bro" traveled together with JO and "Shashay", BELL and "Bro" shared some of the money obtained by JO and "Shashay", from their commercial sex acts, to fund the travel, motel and other support for BELL, JO, "Bro", and "Shashay.

34.6  In or about November to December of 2009, BELL and "Bro" traveled together, with JO and "Shashay", in interstate commerce from Maryland, to South Carolina, for the purpose of JO and "Shashay" performing commercial sex acts.

34.7  After a few weeks of JO performing commercial sex acts at truck stops, BELL, with the assistance of "Bro" and "Shashay" introduced JO to internet posting for solicitation of commercial sex acts.  Bell posted JO.  "Shashay", by agreement between BELL and "Bro", assisted JO in learning how to take calls over a cell phone, for prostitution.  At BELL's direction, JO then also began doing commercial sex act "in-calls" and "out-calls" from internet solicitation.

34.8  After a few weeks in Columbia, South Carolina, BELL, and "Bro", with JO and "Shashay" traveled in interstate commerce from South Carolina, to Little Rock, Arkansas, for the purpose of continued prostitution by JO and "Shashay", at BELL's and "Bro's" respective

19

direction.

34.9 Little Rock was the "headquarters" of the commercial sex act venture/conspiracy. Throughout the time in Little Rock, JO performed commercial sex acts at BELL's direction almost daily, with the money going to BELL.

34.10 In Little Rock, BELL and "Bro" either stayed in and conducted the commercial sex act venture/conspiracy from a motel or from the premises of an associate, "Plush".

      a. "Plush" was also a "pimp".

      b. Whether in a motel or at "Plush's" premises, BELL and "Bro" continued to cause JO and "Shashay" to perform commercial sex acts for "johns", the money from which went entirely, respectively to BELL and "Bro".

      c. "Plush" had two prostitutes whom he controlled, "I" and "J". The money from "I" and "J" went entirely to "Plush".

      d. At times BELL and "Bro" stayed at "Plush's" with JO and "Shashay" (and "I" and "J"), BELL, "Bro" and "Plush" shared some of their resources to maintain the commercial sex act venture/conspiracy, and particularly to maintain JO, "Shashay" and "I" and "J" as prostitutes.

34.11 In or about December of 2009, in Little Rock, Arkansas, after about two months of JO "working" as a prostitute at the direction of BELL, in conjunction with "Bro" and "Shashay" and at times "Plush", JO met, and then assisted BELL in recruiting CM.

34.12 At the time JO met CM, CM was "working" as a prostitute, but did not have and had not had a "pimp". At the time CM was recruited, enticed and induced to work for BELL as a prostitute, and began performing commercial sex acts with BELL as her "pimp", CM was

seventeen (17) years of age, and had been homeless, "working" as a prostitute since about age 14. BELL knew and recklessly disregarded CM's age. CM performed commercial sex acts while seventeen (17) years of age for about two weeks at BELL's direction, with BELL as her "pimp". CM continued to serve as a prostitute for BELL until in or about January of 2010, or shortly thereafter.

34.13  To recruit, entice and induce CM to serve as a prostitute for BELL, BELL and JO told CM that BELL would provide CM with "structure", that is, security, and help her to have everything she wanted and needed. Included among the promises made to CM to recruit, entice and induce her to "work" for BELL as a prostitute was encouragement that as a result of working for BELL, CM would be able to have a home, a vehicle, and financial security. However, at the time these promises were made by BELL to CM, BELL then well knew that said promises were false. CM relied upon said promises in deciding to "work" for BELL as a prostitute.

34.14  BELL told CM to call him by his "pimp name", "Victorious" or to call him "Daddy".

34.15  After BELL and JO recruited, enticed and induced CM to "work" for BELL, BELL and JO introduced CM to and trained her regarding answering calls for prostitution from posted internet solicitations for prostitution.  CM was posted for prostitution by BELL and JO on www.backpage.com.

34.16  At the time CM was recruited, enticed and induced to "work" as a prostitute for BELL, JO was serving as BELL's "bottom bitch" in terms of managing or supervising CM. Almost immediately after joining BELL and JO, CM became the "bottom bitch" for BELL. However, almost immediately after CM became a prostitute for BELL, BELL's attitude toward

JO changed and BELL became demeaning and violent toward JO. At this time, JO ceased voluntarily "working" for BELL, and remained "working" for BELL only because of continued periodic false and fraudulent inducements by BELL and coercion by BELL. Among the acts of coercion BELL performed against JO were the following:

a. In or about mid-December of 2009, in and about Little Rock, Arkansas, the Defendant, JOHNELLE LEWIS BELL, physically assaulted JO because JO threatened to go to the police regarding BELL's prostitution activities, if BELL physically assaulted JO again.

b. On or about December 23, 2009, in and about Little Rock, Arkansas, the Defendant, JOHNELLE LEWIS BELL, physically assaulted JO because JO had fallen asleep and was not tending to BELL's prostitution business.

c. On or about December 26, 2009, in and about Little Rock, Arkansas, the Defendant, JOHNELLE LEWIS BELL, physically assaulted JO because JO stated to BELL that JO did not want to go to the truck stop to solicit commercial sex acts as BELL had told JO to do.

d. In or about March of 2010, in or about Augusta, Georgia, to which BELL had transported JO for purposes of performing commercial sex acts at BELL's direction, the Defendant, JOHNELLE LEWIS BELL, physically assaulted JO because JO had fallen asleep and was not tending to BELL's prostitution business.

34.17 Throughout the period of time after CM joined the conspiracy as a prostitute and until the arrest of JO and others in Omaha, Nebraska, on or about June 18, 2011, in addition to physically assaulting JO, JOHNELLE LEWIS BELL almost daily threatened JO with serious physical harm or death to herself or to JO's family, including JO's young child, if JO left BELL or if JO went to the police about BELL's prostitution activities. Included within the threats

stated by BELL to JO, BELL told JO that even if BELL was arrested, BELL could have other people reach out to JO or JO's family, including JO's young child, and harm them. BELL also threatened JO with physical harm if BELL ever found JO withholding money from him.

34.18  Although BELL did not physically assault CM, CM was often present when BELL physically assaulted JO or threatened JO, and CM, as well as JO, came to fear BELL.

34.19  Originally unbeknownst to JO, at the time BELL recruited, enticed and induced CM to "work" as a prostitute for BELL, BELL told CM much the same as BELL had told JO, that BELL loved CM, that BELL and CM would have a lasting personal relationship, and that in the end things would be better. However, at the time BELL recruited, induced and enticed CM to serve as a prostitute for BELL, BELL then well knew that said promises were false. CM, as JO had done before CM, relied on the personal and "structure/security" promises BELL made to CM in deciding to "work" for BELL as a prostitute.

34.20  Although there were times when JO and then CM voluntarily engaged in sexual activity with BELL, during and in furtherance of the commercial sex act venture, at times the Defendant, JOHNELLE LEWIS BELL, forced JO and CM, against their respective will, to engage in sex acts with BELL.

34.21  In or about January of 2010, in or about Little Rock, Arkansas, the Defendant, JOHNELLE LEWIS BELL recruited, enticed and induced the Defendant, BRITTANY LAWSON, to join the conspiracy as a prostitute "working" for BELL.

34.22  Originally unbeknownst to JO and CM, at the time BELL recruited, enticed and induced BRITTANY LAWSON to "work" as a prostitute for BELL, BELL told BRITTANY LAWSON much the same as BELL had told JO and then CM, that BELL loved BRITTANY

23

LAWSON, that BELL and BRITTANY LAWSON would have a lasting personal relationship, and that in the end things would be better.

a. Throughout her involvement in the conspiracy, until June 18, 2011, BELL treated LAWSON differently than the other prostitutes under BELL's control, in that he did not psychologically or physically abuse or threaten LAWSON as he did the other prostitutes.

b. Once LAWSON became BELL's "bottom bitch" in or about January of 2010, BELL did not replace her as "bottom bitch", which he had done with the previous "bottom bitches" "working" for BELL, JO and CM.

c. BELL and LAWSON entered into a personal relationship immediately upon LAWSON joining the conspiracy in or about January of 2010, which relationship lasted to on or about June 18, 2011, on which day BELL and LAWSON (and JO and SA) were arrested in Omaha, Nebraska.

34.23 Almost immediately after BELL recruited, enticed and induced BRITTANY LAWSON to join the conspiracy, BELL made BRITTANY LAWSON the "bottom bitch". Almost immediately after BRITTANY LAWSON joined the conspiracy, JO and CM left BELL, but intermittently thereafter returned to serving BELL as prostitutes. At times BELL induced and enticed JO or CM to return serving him as prostitutes, making the same promises BELL had made in initially recruiting, enticing and inducing them to work for BELL as prostitutes. CM eventually left serving BELL as a prostitute, but JO primarily remained with BELL until the arrest of JO, BRITTANY LAWSON and another young woman in Omaha, Nebraska, on or about June18, 2011.

34.24 During a brief period of time between early 2011 and in or about March of 2011,

BELL and LAWSON recruited, enticed and induced a woman named "Francesca" to "work" for

BELL as a prostitute, with BRITTANY LAWSON serving as BELL's "bottom bitch".

34.25  After the Defendant, BRITTANY LAWSON, began serving as JOHNELLE

LEWIS BELL's "bottom bitch", BRITTANY LAWSON, on behalf of JOHNELLE LEWIS

BELL, and at BELL's direction, carried out such actions, among others, as holding money for

BELL from commercial sex acts performed by other prostitutes for BELL; procuring, at times in

her own name, the rooms at motels from which the conspiracy was carried out, that is, from

which commercial sex acts were solicited, and in or from which commercial sex acts were

performed, and in which the prostitutes were maintained; assisting BELL in recruiting and

attempting to recruit other women to be prostitutes for BELL, including "researching"

www.backpage.com to find prostitutes for BELL to recruit; obtaining from a relative of

LAWSON rental vehicles for BELL to transport women in interstate commerce for prostitution;

posting internet solicitations for prostitution; answering phones for calls from "johns" responding

to the internet solicitations for prostitution; managing other women "working" for BELL as

prostitutes; and "working" as a prostitute for BELL herself.

34.26.  Although the interstate travel of JOHNELLE LEWIS BELL, BRITTANY

LAWSON and at times other conspirators, including especially "Bro" and "Shashay",

encompassed the period of time from late 2009, until the arrest of BELL, LAWSON, JO and SA

in Omaha, Nebraska, on June 18, 2011, the interstate transportation of individuals for prostitution

during and in furtherance of this conspiracy included, among other trips, the following, including

travel for prostitution between the States indicated below, and other States:

　　　　a.  On or about April 17 and 18, 2011, Denver, Colorado;

b. On or about April 25, 2011, Augusta, Georgia;

c. On or about April 30-May 1, 2011, Birmingham, Alabama;

d. On or about May 6-7, 2011, Shreveport/Bossier City, Louisiana

e. On or about May 10, 2011, Kansas City, Missouri/Kansas

f. On or about May 11-16, 2011, Des Moines, Iowa

g. On or about May 17, 2011, Quad Cities, Iowa/Illinois;

h. On or about May 20, 2011, Denver, Colorado;

i. On or about May 22, 2011, Omaha, Nebraska;

k. On or about May 23, Manhattan, Kansas;

l. On or about May 28, 2011, Homewood/Birmingham, Alabama;

m. On or about May 29, 2011, Columbia, South Carolina;

n. On or about June 4, 2011, Jacksonville, Mississippi;

o. On or about June 7-8, 2011, Shreveport/Boosier City, Louisiana

p. On or about June 11, 2011, Texarkana, Arkansas;

q. On or about June 13, 2011, Fayetteville, Arkansas;

r. On or about June 14, 2011, Knoxville, Tennessee

s. On or about June 15-17, 2011, Des Moines, Iowa;

t. On or about June 18, 2011, Omaha, Nebraska.

34.27 On or about June 8, 2011, JO was arrested for prostitution in Bossier City, Louisiana, while serving as a prostitute for JOHNELLE LEWIS BELL. Prior to June 8, 2011, BELL and LAWSON had transported JO in interstate commerce for the purpose of engaging in prostitution in Louisiana.

34.28 On or about June 9, 2011, upon JO's release from jail, BELL and LAWSON transported JO from Bossier City, Louisiana, to Texarkana, Arkansas, to engage in prostitution. While in Texarkana, on or about June 10, 2011, TA and SA joined BELL, LAWSON and JO. In Texarkana, BELL, at times aided by BRITTANY LAWSON, posted LAWSON, JO, TA and SA on the internet, soliciting prostitution. BELL caused BRITTANY LAWSON and JO to engage in prostitution while in Texarkana. SA did not want to engage in prostitution, but BELL told SA she could not leave, and restricted SA's use of the telephone.

34.29 After a few days in Texarkana, BELL transported LAWSON, JO, and SA to Little Rock, Arkansas, and then to Fayetteville, Arkansas. BELL, LAWSON, JO and SA remained in Fayetteville for a few days, engaging in prostitution.

a. In Fayetteville, JOHNELLE LEWIS BELL threatened to kill SA and her family if she ever "snitched" on BELL to the police, and BELL further told SA that if SA did not do what BELL said, BELL would beat her. BELL also again told SA she could not leave, to stick with him and everything would be okay. BELL told SA he would kill her if she left. BELL implied to SA that he had other people who would harm SA or her family if she "snitched" on him and he went to prison.

b. BELL also told SA that he "wanted [her] there until the end", that he would not let anything happen to her, and that he would make them [BELL and SA] "millions".

c. BELL continued to restrict SA's access to her phone, only to use for prostitution, and only when BELL was monitoring SA's use of her phone. In furtherance of his restriction on SA's use of her phone, while in Fayetteville, BELL caused SA to change her cell phone number.

d. In Fayetteville, BELL also purchased an additional cell phone to post in internet solicitations for and to take incoming calls for prostitution regarding JO.

e. In Fayetteville, BRITTANY LAWSON obtained two motel rooms for the group to engage in prostitution.

f. In Fayetteville, BELL and LAWSON posted JO and SA on the internet, soliciting prostitution, and LAWSON took most of the phone calls coming in for prostitution.

g. SA had never before been involved in prostitution, so BRITTANY LAWSON showed SA what to do to engage in prostitution, but BELL set the prices for the commercial sex acts.

h. In Fayetteville, BELL caused JO and SA to engage in prostitution, that is to engage in commercial sex acts, with all of the money therefrom going to BELL.

i. After a few days in Fayetteville, on or about June 15, 2011, BELL and LAWSON transported JO and SA to Tennessee, and then to Des Moines, Iowa, to engage in prostitution.

34.30 During and in furtherance of the commercial sex act venture/conspiracy, the Defendant, JOHNELLE LEWIS BELL, transported one or more women in interstate commerce to Des Moines, Iowa, for the purpose of engaging in prostitution. BELL, with various other co-conspirators, traveled from outside the State of Iowa, to Des Moines, Iowa, on at least four occasions, for the purpose of causing individuals to engage in prostitution.

a. On at least two of these occasions, other than any other trips referenced herein, in 2011, "Bro" and "Shashay" also jointly traveled with BELL and JO to Des Moines, Iowa, from a State outside of Iowa, for the purpose of engaging in prostitution.

(1) On these occasions, in and about the Southern District of Iowa, BELL posted internet solicitations for JO to engage in prostitution; as did "Bro" post such solicitations regarding "Shashay".

(2) On these occasions, in and about the Southern District of Iowa, BELL directed JO to engage in prostitution; as did "Bro" direct "Shashay" to engage in prostitution.

(3) On these occasions, in and about the Southern District of Iowa, BELL received all of the money from JO's commercial sex acts; while "Bro" received all of the money from "Shashay's" commercial sex acts.

(4) On each of these occasions, BELL, JO, "Bro" and "Shashay" stayed in rooms at the Econo Lodge or other motel on Merle Hay Rd. in Des Moines.

b. On at least one of said trips, other than as otherwise referred to herein, BELL was accompanied by Defendant, BRITTANY LAWSON, JO, "Bro" and "Shashay".

c. During said trips into Iowa in which she participated, BRITTANY LAWSON assisted BELL in driving the vehicle transporting the prostitutes, assisted BELL in obtaining the motel for the prostitution, assisted BELL in posting internet solicitations for prostitution in and about Des Moines in the Southern District of Iowa, and assisted BELL in managing the prostitution appointments held in Des Moines. Among the interstate trips undertaken by BELL and LAWSON to Des Moines, Iowa, to engage in prostitution, are the following:

(1) On or about May 11, 2011, BELL and LAWSON, with the purpose of engaging in prostitution, traveled to Des Moines, Iowa, with one or more other persons, from another State, rented a motel, and engaged in prostitution and caused one or more persons, including JO, to engage in prostitution.

(a) On or about May 11, 2011, at the direction of JOHNELLE LEWIS BELL, BRITTANY LAWSON, rented one or more rooms at the Econo Lodge Inn & Suites (Econo Lodge), at 4*** Merle Hay Rd, Des Moines, for the purpose of engaging in prostitution.

(b) The Defendants maintained said rooms at the Econo Lodge from May 11, 2011, to and including May 16, 2011, paying in full for the use of said rooms.

(c) Said rooms were used by the Defendants to solicit and engage in prostitution services.

(d) From on or about May 11, 2011, to on or about May 16, 2011, in and about Des Moines, Iowa, BELL and LAWSON posted internet solicitations for prostitution featuring LAWSON and JO using, among others, telephone numbers 501.XXX.XX93 and 318.XXX.XX08, and advertising a location at HWY 35 and Merle Hay Rd.

(e) On or about May 16, 2011, at 2:38 p.m., the Defendants created and posted on backpage.com/quad cities adult entertainment/quad cities escorts, an internet solicitation for prostitution, entitled "Arriving tomorrow Book today . . . Smokin hot babes", using telephone number 501.XXX.XX52, stating a location [intended] of Quad Cities.

(f) On or about May 16, 2011, at 9:54 p.m., the Defendants posted and by internet paid for an add on backpage.com/desmoines adult entertainment/desmoines escorts, entitled "Exotic Playmate Last Night in Town!!!!", featuring telephone number 501.XXX.XX93, stating a location of "Des Moines, HWY 35 and Merle Hay Rd", [the approximate location of the Econo Lodge].

(2) On or about June 15, 2011, BELL and LAWSON, with the purpose of

engaging in prostitution, traveled to Des Moines, Iowa, with one or more other persons, from another State, rented a motel, and engaged in prostitution and caused one or more other persons, including JO and SA, to engage in prostitution.

(a) On or about June 15, 2011, at the direction of JOHNELLE LEWIS BELL, BRITTANY LAWSON, rented one or more rooms at the Econo Lodge Inn & Suites (Econo Lodge), at 4*** Merle Hay Rd, Des Moines, for the purpose of engaging in prostitution.

(b) The Defendants maintained said rooms at the Econo Lodge from June 15, 2011, to and including June 16, 2011, paying in full for the use of said rooms.

(c) Said rooms were used by the Defendants to solicit "johns" for prostitution services, and to cause JO and SA to each engage in commercial sex acts while in Des Moines. BRITTANY LAWSON also engaged in commercial sex acts while in Des Moines. All of the money from all of the commercial sex acts went to JOHNELLE LEWIS BELL.

(d) On or about June 16, 2011, at 7:39 p.m., the Defendants created and posted on backpage.com/desmoines adult entertainment/desmoines escorts, an internet solicitation for prostitution, featuring JO, entitled "Smoking hot babe Smoking hot specials", using telephone numbers 318.XXX.XX08, and 479.XXX.XX33, and stating a location of Des Moines, hwy 35 & Merle Hay Rd.

(e) On or about June 16, 2011, at 7:46 p.m., the Defendants created and posted on backpage.com/desmoines adult entertainment/desmoines escorts, an internet solicitation for prostitution, featuring BRITTANY LAWSON, entitled "Your dream girl - Specials Call Now"", using telephone number 318.XXX.XX08, offering "Outcalls & Inacalls",

and stating a location of Des Moines, hwy 35 & Merle Hay Rd.

(f) On or about June 16, 2011, at 7:46 p.m., the Defendants created and posted on backpage.com/desmoines adult entertainment/desmoines escorts, an internet solicitation for prostitution, featuring SA, entitled "Im just what you have in mind - (smoking specials)", using telephone number 479.XXX.XX65, and stating a location of Des Moines, Merle hay rd.

(g) On or about June 17, 2011, at 10:50 a.m., the Defendants created and posted on backpage.com/desmoines adult entertainment/desmoines escorts, an internet solicitation for prostitution, entitled "The sweetest temptation - 2girl special only a few hours left!!", using telephone number 318.XXX.XX08, with the solicitation referring to "Casandra & victoria", and stated a location of Des Moines, Merle hay rd.

(h) While in Des Moines, SA was forced against her will to engage in a sex act with JOHNELLE LEWIS BELL and BRITTANY LAWSON.

(i) While in Des Moines, BELL caused LAWSON and SA to text other women to try to recruit them to work for BELL as prostitutes.

(j) BELL requested SA to have the name "Victorious P", one of his "pimp names", tattooed on SA, as a form of "branding" SA as BELL's prostitute.

(3) On or about June 17, 2011, BELL and LAWSON, with the purpose of engaging in prostitution, traveled from Des Moines, Iowa, to Omaha, Nebraska, also transporting JO and SA for the purpose of engaging in prostitution in and about Omaha, Nebraska.

(a) On or about June 18, 2011, in and about the Southern District of Iowa, while traveling, and after arriving in Omaha, Nebraska, JOHNELLE LEWIS BELL and

BRITTANY LAWSON, posted internet solicitations for prostitution for LAWSON, JO and SA, in and for Omaha, Nebraska, and the surrounding area [which included the Council Bluffs area of the Southern District of Iowa] using telephone numbers 479.XXX.XX65 and 501.XXX.XX52.

(b) On or about June 18, in and about Omaha, Nebraska, JOHNELLE LEWIS BELL caused JO to engage in a commercial sex act, which was done as an "outcall" in answer to a telephone call received in answer to an internet solicitation for prostitution.

(c) On or about June 18, 2011, in and about Omaha, Nebraska, BELL became upset with LAWSON because LAWSON was responsible for the telephones used to answer calls in response to internet solicitations for prostitution, and LAWSON had left one of the telephones unattended while BELL was sleeping.

(d) On or about June 18, 2011, in and about Omaha, Nebraska, acting in an undercover capacity, investigators answered an internet solicitation for prostitution posted by the Defendants, featuring SA, by calling telephone number 479.XXX.XX65, and, upon further investigation, arrested JOHNELLE LEWIS BELL, BRITTANY LAWSON, JO and SA.

34.31 At all times material to the overt acts set forth in this Indictment, JOHNELLE LEWIS BELL, at times acting in agreement with BRITTANY LAWSON, "Bro", "Plush", "Special", "Sashay", and one or more other persons, known and unknown to the Grand Jury, caused by force, fraud and coercion, including coercion as defined in Title 18, United States Code, Section 1591(e)(2), one or more persons, including among others, JO, CM and SA, to engage in prostitution.

34.32 At all times material to the overt acts set forth in this Indictment, JOHNELLE

LEWIS BELL and BRITTANY LAWSON, at times acting in agreement with "Bro", "Plush", "Special", "Sashay", and one or more other persons, known and unknown to the Grand Jury, benefitted financially, directly or indirectly, from the prostitution in which BELL, at times in agreement with and aided by BRITTANY LAWSON, "Bro", "Plush", "Special", "Sashay", and one or more other persons, known and unknown to the Grand Jury, caused said individuals to engage; and knowing or in reckless disregard that one or more of the individuals so caused to engage in prostitution, during at least part of the time said individual engaged in prostitution for BELL, was under eighteen years of age; and knowing and in reckless disregard that force, fraud or coercion, including coercion as defined in Title 18, United States Code, Section 1591(e)(2), was used to cause said individuals to engage in prostitution.

This is a violation of Title 18, United States Code, Section 1594(c).

**THE GRAND JURY FURTHER CHARGES:**

**Count 2**
**(Engaging in and Attempting to Engage in Sex Trafficking**
**and Attempting to and Financially Benefitting Therefrom)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. The Grand Jury realleges and by this reference incorporates herein, paragraphs 2-34.32, and subparagraphs thereof, inclusive, of Count 1, above, of this Indictment, as though fully set forth herein.

3. From on or about May 11, 2011, and continuing through on or about May 16, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did

knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide,

obtain, and maintain, by any means, a person, that is, JO, knowing and in reckless disregard of

the fact that means of force, threats of force, fraud and coercion, including among other means

those described in Title 18, United States Code, Section 1591(e)(2), and any combination of such

means were used and would be used to cause JO to engage in one or more commercial sex acts,

in that, as a part of the conspiracy set forth in Count 1 of this Indictment, the Defendants

transported and caused JO to be transported from outside of the State of Iowa, to Des Moines,

Iowa, to engage in one or more commercial sex acts in Des Moines, and in Des Moines caused

JO to engage in commercial sex acts; and the Defendants benefitted financially and by receiving

anything of value from the commercial sex acts performed by JO in Des Moines as a part of the

conspiracy.

This is a violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2),

1594(a), 2, and 1591(b)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 3**</u>
**(Engaging in and Attempting to Engage in Sex Trafficking
and Attempting to and Financially Benefitting Therefrom)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17,

inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. The Grand Jury realleges and by this reference incorporates herein, paragraphs 2-

34.32, and subparagraphs thereof, inclusive, of Count 1, above, of this Indictment, as though

fully set forth herein.

3. From on or about June 15, 2011, and continuing to on or about June 17, 2011, in and

about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain, by any means, one or more persons, that is, JO and SA, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, including among other means those described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means were used and would be used to cause JO and SA to engage in one or more commercial sex acts, in that, as a part of the conspiracy set forth in Count 1 of this Indictment, the Defendants transported and caused JO and SA to be transported from outside of the State of Iowa, to Des Moines, Iowa, to engage in one or more commercial sex acts in Des Moines; and in Des Moines caused JO and SA to engage in commercial sex acts; and the Defendants benefitted financially and by receiving anything of value from the commercial sex acts performed by JO and SA in Des Moines as a part of the conspiracy.

This is a violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1594(a), 2, and 1591(b)(1).

**THE GRAND JURY FURTHER CHARGES:**

**Count 4**
**(Coercion and Enticement to Travel in Interstate Commerce for Prostitution)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. The Grand Jury realleges and by this reference incorporates herein, paragraphs 2-34.32, and subparagraphs thereof, inclusive, of Count 1, above, of this Indictment, as though fully set forth herein.

3. On or about May 11, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly persuade, induce, entice and coerce, and attempt to persuade, induce, entice and coerce any individual, including JO, to travel in interstate commerce to engage in prostitution, that is to travel from outside the State of Iowa, into the State of Iowa for the purpose of engaging in prostitution in Iowa.

This is a violation of Title 18, United States Code, Sections 2422(a) and 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 5**</u>
**(Coercion and Enticement to Travel in Interstate Commerce for Prostitution)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. The Grand Jury realleges and by this reference incorporates herein, paragraphs 2-34.32, and subparagraphs thereof, inclusive, of Count 1, above, of this Indictment, as though fully set forth herein.

3. On or about May 16, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly persuade, induce, entice and coerce, and attempt to persuade, induce, entice and coerce any individual, including JO, to travel in interstate commerce to engage in prostitution, that is to travel from within the State of Iowa, into a State outside of Iowa for the purpose of engaging in prostitution in one or more States outside of Iowa.

This is a violation of Title 18, United States Code, Sections 2422(a) and 2.

**THE GRAND JURY FURTHER CHARGES:**

**Count 6**
**(Coercion and Enticement to Travel in Interstate Commerce for Prostitution)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. The Grand Jury realleges and by this reference incorporates herein, paragraphs 2-34.32, and subparagraphs thereof, inclusive, of Count 1, above, of this Indictment, as though fully set forth herein.

3. On or about June 15, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly persuade, induce, entice and coerce, and attempt to persuade, induce, entice and coerce any individual, including JO and SA, to travel in interstate commerce to engage in prostitution, that is to travel from outside the State of Iowa, into the State of Iowa for the purpose of engaging in prostitution in Iowa.

This is a violation of Title 18, United States Code, Sections 2422(a) and 2.

**THE GRAND JURY FURTHER CHARGES:**

**Count 7**
**(Coercion and Enticement to Travel in Interstate Commerce for Prostitution)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. The Grand Jury realleges and by this reference incorporates herein, paragraphs 2-34.32, and subparagraphs thereof, inclusive, of Count 1, above, of this Indictment, as though fully set forth herein.

3. On or about June 17, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly persuade, induce, entice and coerce, and attempt to persuade, induce, entice and coerce any individual, including JO and SA, to travel in interstate commerce to engage in prostitution, that is to travel from within the State of Iowa, into a State outside of Iowa, for the purpose of engaging in prostitution in one or more States outside of Iowa.

This is a violation of Title 18, United States Code, Sections 2422(a) and 2.

**THE GRAND JURY FURTHER CHARGES:**

### Count 8
### (Conspiracy to Engage in Interstate Transportation for Prostitution)

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. As used in Count 8 of this Indictment, the term "conspiracy" means the conspiracy to transport individuals in interstate commerce for prostitution, which is further described in this Count of the Indictment.

3. Beginning by at least on or about November of 2009, and continuing to on or about June 18, 2011, the exact dates unknown to the Grand Jury, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to transport in interstate commerce one or more individuals for the purpose of engaging in prostitution, in violation of

Title 18, United States Code, Section 2421.

4. The Grand Jury realleges and by this reference incorporates herein, paragraphs 4, 5(a)-(b); 6(a)-(b)-(c); 13; 15-26, inclusive, of Count 1, above, as though fully set forth herein.

5. In furtherance of the conspiracy and to achieve its objects, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam" and BRITTANY LAWSON, a/k/a Brittany Foster, after her recruitment into the conspiracy, knowingly and willfully committed, aided and abetted, caused to be committed and had reasonable foreseeability of the following overt acts, among others, in the Southern District of Iowa and elsewhere, beginning in or about November of 2009, and continuing to on or about June 18, 2011:

5.1 In or about November of 2009, in and about Philadelphia, Pennsylvania, JOHNELLE LEWIS BELL recruited, enticed and induced JO to serve as a prostitute for BELL, with all of the money from JO's commercial sex acts going to BELL.

5.2 The Grand Jury realleges and by this reference incorporates herein, paragraphs, 34.2 – 34.11, 34.14 and 34.15, inclusive, including subparagraphs thereof, of Count 1, above, as though fully set forth herein.

5.3 At the time CM was recruited, enticed and induced to "work" as a prostitute for BELL, JO was serving as BELL's "bottom bitch" in terms of managing or supervising CM. Almost immediately after CM joined BELL and JO, CM became BELL's "bottom bitch".

5.4 In or about January of 2010, in or about Little Rock, Arkansas, the Defendant, JOHNELLE LEWIS BELL, recruited, enticed and induced the Defendant, BRITTANY LAWSON, to join the conspiracy as a prostitute "working" for BELL.

5.5 Almost immediately after BELL recruited, enticed and induced BRITTANY

LAWSON to join the conspiracy, BELL made BRITTANY LAWSON the "bottom bitch". Almost immediately after BRITTANY LAWSON joined the conspiracy, JO and CM left BELL, but intermittently thereafter returned to serving BELL as prostitutes. At times BELL induced and enticed JO or CM to return serving him as prostitutes. CM eventually left serving BELL as a prostitute, but JO primarily remained with BELL until the arrest of JO, BRITTANY LAWSON and another young woman in Omaha, Nebraska, on or about June 18, 2011.

5.6 The Grand Jury realleges and by this reference incorporates herein, paragraphs, 34.24 – 34.27, inclusive, including subparagraphs thereof, of Count 1, above, as though fully set forth herein.

5.7 On or about June 9, 2011, upon JO's release from jail, BELL and LAWSON transported JO from Bossier City, Louisiana, to Texarkana, Arkansas, to engage in prostitution. While in Texarkana, on or about June 10, 2011, TA and SA joined BELL, LAWSON and JO. In Texarkana, BELL, at times aided by BRITTANY LAWSON, posted LAWSON, JO, TA and SA on the internet, soliciting prostitution. BELL caused BRITTANY LAWSON and JO to engage in prostitution while in Texarkana.

5.8 After a few days in Texarkana, BELL transported LAWSON, JO, and SA to Little Rock, Arkansas, and then to Fayetteville, Arkansas. BELL, LAWSON, JO and SA remained in Fayetteville for a few days, engaging in prostitution.

      a. While in Fayetteville, BELL caused SA to change her cell phone number.

      d. In Fayetteville, BELL also purchased an additional cell phone to post in internet solicitations for and to take incoming calls for prostitution regarding JO.

      e. In Fayetteville, BRITTANY LAWSON obtained two motel rooms for the

41

group to engage in prostitution.

f. In Fayetteville, BELL and LAWSON posted JO and SA on the internet, soliciting prostitution, and LAWSON took most of the phone calls coming in for prostitution.

g. SA had never before been involved in prostitution, so BRITTANY LAWSON showed SA what to do to engage in prostitution, but BELL set the prices for the commercial sex acts.

h. In Fayetteville, BELL caused JO and SA to engage in prostitution, that is to engage in commercial sex acts, with all of the money therefrom going to BELL.

i. After a few days in Fayetteville, on or about June 15, 2011, BELL and LAWSON transported JO and SA to Tennessee, and then to Des Moines, Iowa, to engage in prostitution.

5.9   During and in furtherance of the conspiracy, the Defendant, JOHNELLE LEWIS BELL, transported one or more women in interstate commerce to Des Moines, Iowa, for the purpose of engaging in prostitution. BELL, with various other co-conspirators, traveled from outside the State of Iowa, to Des Moines, Iowa, on at least four occasions, for the purpose of causing individuals to engage in prostitution.

a. On at least two of these occasions, other than any other trips referenced herein, in 2011, "Bro" and "Shashay" also jointly traveled with BELL and JO to Des Moines, Iowa, from a State outside of Iowa, for the purpose of engaging in prostitution.

(1) On these occasions, in and about the Southern District of Iowa, BELL posted internet solicitations for JO to engage in prostitution; as did "Bro" post such solicitations regarding "Shashay".

(2) On these occasions, in and about the Southern District of Iowa, BELL directed JO to engage in prostitution; as did "Bro" direct "Shashay" to engage in prostitution.

(3) On these occasions, in and about the Southern District of Iowa, BELL received all of the money from JO's commercial sex acts; while "Bro" received all of the money from "Shashay's" commercial sex acts.

(4) On each of these occasions, BELL, JO, "Bro" and "Shashay" stayed in rooms at the Econo Lodge or other motel on Merle Hay Rd. in Des Moines.

b. On at least one of said trips, other than as otherwise referred to herein, BELL was accompanied by Defendant, BRITTANY LAWSON, JO, "Bro" and "Shashay".

c. During said trips into Iowa in which she participated, BRITTANY LAWSON assisted BELL in driving the vehicle transporting the prostitutes, assisted BELL in obtaining the motel for the prostitution, assisted BELL in posting internet solicitations for prostitution in and about Des Moines in the Southern District of Iowa, and assisted BELL in managing the prostitution appointments held in Des Moines. Among the interstate trips undertaken by BELL and LAWSON to Des Moines, Iowa, to engage in prostitution, are the following:

(1) On or about May 11, 2011, BELL and LAWSON, with the purpose of engaging in prostitution, traveled to Des Moines, Iowa, with one or more other persons, from another State, rented a motel, and engaged in prostitution and caused one or more persons, including JO, to engage in prostitution.

(a) On or about May 11, 2011, at the direction of JOHNELLE LEWIS BELL, BRITTANY LAWSON, rented one or more rooms at the Econo Lodge Inn & Suites (Econo Lodge), at 4*** Merle Hay Rd, Des Moines, for the purpose of engaging in

prostitution.

(b) The Defendants maintained said rooms at the Econo Lodge from May 11, 2011, to and including May 16, 2011, paying in full for the use of said rooms.

(c) Said rooms were used by the Defendants to solicit and engage in prostitution services.

(d) From on or about May 11, 2011, to on or about May 16, 2011, in and about Des Moines, Iowa, BELL and LAWSON posted internet solicitations for prostitution featuring LAWSON and JO using, among others, telephone numbers 501.XXX.XX93 and 318.XXX.XX08, and advertising a location at HWY 35 and Merle Hay Rd.

(e) On or about May 16, 2011, at 2:38 p.m., the Defendants created and posted on backpage.com/quad cities adult entertainment/quad cities escorts, an internet solicitation for prostitution, entitled "Arriving tomorrow Book today . . . Smokin hot babes", using telephone number 501.XXX.XX52, stating a location [intended] of Quad Cities.

(f) On or about May 16, 2011, at 9:54 p.m., the Defendants posted and by internet paid for an add on backpage.com/desmoines adult entertainment/desmoines escorts, entitled "Exotic Playmate Last Night in Town!!!!", featuring telephone number 501.XXX.XX93, stating a location of "Des Moines, HWY 35 and Merle Hay Rd", [the approximate location of the Econo Lodge].

(2) On or about June 15, 2011, BELL and LAWSON, with the purpose of engaging in prostitution, traveled to Des Moines, Iowa, with one or more other persons, from another State, rented a motel, and engaged in prostitution and caused one or more other persons, including JO and SA, to engage in prostitution.

(a) On or about June 15, 2011, at the direction of JOHNELLE LEWIS BELL, BRITTANY LAWSON, rented one or more rooms at the Econo Lodge Inn & Suites (Econo Lodge), at 4*** Merle Hay Rd, Des Moines, for the purpose of engaging in prostitution.

(b) The Defendants maintained said rooms at the Econo Lodge from June 15, 2011, to and including June 16, 2011, paying in full for the use of said rooms.

(c) Said rooms were used by the Defendants to solicit "johns" for prostitution services, and to cause JO and SA to each engage in commercial sex acts while in Des Moines. BRITTANY LAWSON also engaged in commercial sex acts while in Des Moines. All of the money from all of the commercial sex acts went to JOHNELLE LEWIS BELL.

(d) On or about June 16, 2011, at 7:39 p.m., the Defendants created and posted on backpage.com/desmoines adult entertainment/desmoines escorts, an internet solicitation for prostitution, featuring JO, entitled "Smoking hot babe Smoking hot specials", using telephone numbers 318.XXX.XX08, and 479.XXX.XX33, and stating a location of Des Moines, hwy 35 & Merle Hay Rd.

(e) On or about June 16, 2011, at 7:46 p.m., the Defendants created and posted on backpage.com/desmoines adult entertainment/desmoines escorts, an internet solicitation for prostitution, featuring BRITTANY LAWSON, entitled "Your dream girl - Specials Call Now"", using telephone number 318.XXX.XX08, offering "Outcalls & Inacalls", and stating a location of Des Moines, hwy 35 & Merle Hay Rd.

(f) On or about June 16, 2011, at 7:46 p.m., the Defendants created and posted on backpage.com/desmoines adult entertainment/desmoines escorts, an

internet solicitation for prostitution, featuring SA, entitled "Im just what you have in mind - (smoking specials)", using telephone number 479.XXX.XX65, and stating a location of Des Moines, Merle hay rd.

(g) On or about June 17, 2011, at 10:50 a.m., the Defendants created and posted on backpage.com/desmoines adult entertainment/desmoines escorts, an internet solicitation for prostitution, entitled "The sweetest temptation - 2girl special only a few hours left!!", using telephone number 318.XXX.XX08, with the solicitation referring to "Casandra & victoria", and stated a location of Des Moines, Merle hay rd.

(h) While in Des Moines, BELL caused LAWSON and SA to text other women to try to recruit them to work for BELL as prostitutes.

(i) BELL requested SA to have the name "Victorious P", one of his "pimp names", tattooed on SA, as a form of "branding" SA as BELL's prostitute.

(3) On or about June 17, 2011, BELL and LAWSON, with the purpose of engaging in prostitution, traveled from Des Moines, Iowa, to Omaha, Nebraska, also transporting JO and SA for the purpose of engaging in prostitution in and about Omaha, Nebraska.

(a) On or about June 18, 2011, in and about the Southern District of Iowa, while traveling, and after arriving in Omaha, Nebraska, JOHNELLE LEWIS BELL and BRITTANY LAWSON, posted internet solicitations for prostitution for LAWSON, JO and SA, in and for Omaha, Nebraska, and the surrounding area [which included the Council Bluffs area of the Southern District of Iowa] using telephone numbers 479.XXX.XX65 and 501.XXX.XX52.

(b) On or about June 18, in and about Omaha, Nebraska, JOHNELLE LEWIS BELL caused JO to engage in a commercial sex act, which was done as an

"outcall" in answer to a telephone call received in answer to an internet solicitation for prostitution.

(c) On or about June 18, 2011, in and about Omaha, Nebraska, BELL became upset with LAWSON because LAWSON was responsible for the telephones used to answer calls in response to internet solicitations for prostitution, and LAWSON had left one of the telephones unattended while BELL was sleeping.

(d) On or about June 18, 2011, in and about Omaha, Nebraska, acting in an undercover capacity, investigators answered an internet solicitation for prostitution posted by the Defendants, featuring SA, by calling telephone number 479.XXX.XX65, and, upon further investigation, arrested JOHNELLE LEWIS BELL, BRITTANY LAWSON, JO and SA.

This is a violation of Title 18, United States Code, Section 371.

**THE GRAND JURY FURTHER CHARGES:**

### Count 9
### (Interstate Transportation for Prostitution)

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. On or about May 11, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly transport any individual, that is, JO, in interstate commerce with the intent that such individual engage in prostitution, that is to travel from outside the State of Iowa, into the State of Iowa for the purpose of engaging in prostitution in Iowa..

3. As used in Count 9 of this Indictment, the term "conspiracy" means the conspiracy to

47

transport individuals in interstate commerce for prostitution, which is further described in Count 8 of this Indictment.

4. The Grand Jury realleges and by this reference incorporates herein, paragraphs 4 – 5.9, and subparagraphs thereof, inclusive, of Count 8, above, of this Indictment, as though fully set

forth herein.

This is a violation of Title 18, United States Code, Sections 2421 and 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 10**</u>
**(Interstate Transportation for Prostitution)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. On or about May 16, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly transport any individual, that is, JO, in interstate commerce with the intent that such individual engage in prostitution, that is did travel from within the State of Iowa, to one or more States outside of Iowa, for the purpose of engaging in prostitution in said other States.

3. As used in Count 10 of this Indictment, the term "conspiracy" means the conspiracy to transport individuals in interstate commerce for prostitution, which is further described in Count 8 of this Indictment.

4. The Grand Jury realleges and by this reference incorporates herein, paragraphs 4 – 5.9, and subparagraphs thereof, inclusive, of Count 8, above, of this Indictment, as though fully set

forth herein.

This is a violation of Title 18, United States Code, Sections 2421 and 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 11**</u>
**(Interstate Transportation for Prostitution)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17, inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. On or about June 15, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly transport any individual, that is, JO and SA, in interstate commerce with the intent that such individual engage in prostitution, that is to travel from outside the State of Iowa, into the State of Iowa for the purpose of engaging in prostitution in Iowa.

3. As used in Count 11 of this Indictment, the term "conspiracy" means the conspiracy to transport individuals in interstate commerce for prostitution, which is further described in Count 8 of this Indictment.

4. The Grand Jury realleges and by this reference incorporates herein, paragraphs 4 – 5.9, and subparagraphs thereof, inclusive, of Count 8, above, of this Indictment, as though fully set forth herein.

This is a violation of Title 18, United States Code, Sections 2421 and 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 12**</u>
**(Interstate Transportation for Prostitution)**

1. The Grand Jury realleges and by this reference incorporates herein, paragraphs 1-17,

inclusive, of the Introductory Allegations of this Indictment, as though fully set forth herein.

2. On or about June 17, 2011, in and about the Southern District of Iowa and elsewhere, the Defendants, JOHNELLE LEWIS BELL, a/k/a "Victorious P", "Bam", and BRITTANY LAWSON, a/k/a Brittany Foster, did knowingly transport any individual, that is, JO and SA, in interstate commerce with the intent that such individual engage in prostitution, that is, did travel from within the State of Iowa, to a State outside of Iowa, for the purpose of engaging in prostitution in said State outside of Iowa.

3. As used in Count 12 of this Indictment, the term "conspiracy" means the conspiracy to transport individuals in interstate commerce for prostitution, which is further described in Count 8 of this Indictment.

4. The Grand Jury realleges and by this reference incorporates herein, paragraphs 4 – 5.9, and subparagraphs thereof, inclusive, of Count 8, above, of this Indictment, as though fully set forth herein.

This is a violation of Title 18, United States Code, Sections 2421 and 2.

**A TRUE BILL.**


/S/_____
FOREPERSON

Nicholas A. Klinefeldt
United States Attorney


By:   *S/Stephen Patrick O'Meara*
      Stephen Patrick O'Meara
      Assistant United States Attorney